IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-765-FL

| | |
|---|---|
| ANIKA HATLEY and AMY HATLEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| OFFICER BOWDEN, in her Individual ) | |
| and Official Capacities and the CITY OF ) | |
| RALEIGH POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 6, by defendant City of Raleigh Police Department ("RPD") (DE 9); on the motion to dismiss pursuant to Rule 12(b)(6) by defendant The City of Raleigh ("Raleigh") (DE 11)[1]; and on plaintiff's motion for leave to file an amended complaint (DE 15). All motions have been fully briefed, and issues raised are ripe for ruling. For the reasons that follow, the court will DENY AS MOOT defendant RPD's motion to dismiss, GRANT IN PART and DENY IN PART defendant Raleigh's motion to dismiss, and GRANT IN PART and DENY IN PART plaintiffs' motion to amend.

**STATEMENT OF THE CASE**

Plaintiffs, who are mother and daughter, initiated this action on September 26, 2013, by filing complaint in Wake County Superior Court against defendants Raleigh, RPD, and Bowden.

---

[1] Although defendant Raleigh is not named in the caption of plaintiffs' complaint, it was served with process and plaintiffs assert claims against it.

Plaintiffs assert claims under 42 U.S.C. § 1983, and a claim for negligence. Defendants removed the action to this court on November 1, 2013, and moved for an extension of time to respond to plaintiffs' complaint (DE 1, 6). Defendants' motion for extension of time was granted (DE 8), and on December 9, 2013, defendants filed the instant motions to dismiss. Plaintiffs responded to these motions, and moved to amend their complaint (DE 14, 15). Plaintiffs' motion to amend is opposed.

## STATEMENT OF FACTS

The facts as alleged in plaintiffs' complaint are as follows: On or about September 27, 2010, plaintiff Anika Hatley,[2] a sixteen (16) year old high school student, was in the Athens Drive High School cafeteria. Compl. ¶ 9. The cafeteria was crowded and full of students. Id. A fight broke out between two other students, and many other students gathered around to watch. Id. ¶ 10. Plaintiff Anika Hatley was not among the crowd of watching students, and at some point moved near to the cafeteria's serving line. Id. ¶¶ 11, 17.

Defendant Bowden, a uniformed police officer, was present in the cafeteria as part of the Student Resource Officer program, which places uniformed officers in Wake County School System schools for security. Id. ¶¶ 3, 12. She was not ordinarily assigned to the Student Resource Officer position, but was filling in for the regular officer. Id. ¶ 12. Defendant Bowden moved to intervene in the fight and disburse the watching crowd, spraying pepper spray at the fighting students, as well as in all directions at the crowd, for over ten (10) seconds. Id. ¶ 15. The students reacted to the pepper spray "forcefully and chaotically" and began running for the cafeteria exits creating "a stampede condition." Id. ¶ 16. As she moved with the crowd, plaintiff Anika Hatley was knocked down and trampled by many other students, suffering serious injury. Id. ¶¶ 3, 17.

---

[2] There is some discrepancy is to whether this plaintiff's name is Anika Hatley or Annika Hatley as both spellings are used in plaintiffs' filings. As the case caption refers to her as Anika Hatley, the court will do the same.

Plaintiff Anika Hatley, and her mother, Plaintiff Amy Hatley, assert the following claims as a result of this incident: (1) a claim against defendant Bowden in her individual and official capacity under 42 U.S.C. § 1983 and against defendant Raleigh on the basis of *respondeat superior*; (2) a claim for negligence against defendant Bowden, and against defendant Raleigh on the basis of *respondeat superior*; and (3) a claim against defendant Raleigh under 42 U.S.C. § 1983 for failure to train defendant Bowden.[3]

Plaintiffs also allege that

> [u]pon information and belief, Pursuant to N.C. General Statute § 160A-485 or other authority, the City of Raleigh had purchased and had in force on September 27th, 2013 liability insurance, or participated in a high risk pool, or adopted a city council resolution creating a funded reserve meant to be the same as purchasing insurance under N.C. General Statute § 160A-485 and waived any governmental immunity it might have to the extent of such insurance as provided by the policy, terms of the risk pool or adoption of such resolution.

Compl. ¶ 8.

## COURT'S DISCUSSION

A. Motions to Dismiss

1. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled

---

[3] Plaintiffs purport to assert a fourth claim, but this claim is not a separate cause of action, but rather only lists medical expenses allegedly paid by plaintiff Amy Hatley for her daughter's injuries.

facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

2. RPD's Motion to Dismiss

As the court will grant in part plaintiffs' motion to amend their complaint, and where such amended complaint no longer names RPD as a defendant, this motion is DENIED AS MOOT.

3. The City of Raleigh's Motion to Dismiss[4]

a. Plaintiffs' § 1983 Claims Against Defendant Raleigh

In their first claim for relief against defendant Raleigh under § 1983, plaintiffs are seeking to recover for a purported violation of "constitutional rights under the fourth and fourteenth amendment to the United States Constitution to be free from unreasonable seizures." Compl. ¶ 20.a.

---

[4] Plaintiffs' claims against defendant Bowden in her official capacity are duplicative of their claims against Raleigh because "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (recognizing that a suit against a state official in his official capacity "is no different from a suit against the State itself."). Thus these duplicate claims are DISMISSED. See Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative.").

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." Plaintiffs complaint does not, however, allege any seizure of plaintiff Amy Hatley. Thus plaintiff Amy Hatley fails to state a claim for an unreasonable seizure under § 1983.

The complaint fails to allege the seizure of plaintiff Anika Hatley. "Because a seizure within the meaning of the Fourth Amendment always 'requires an intentional acquisition of physical control,' . . . it does not extend to 'accidental effects' or 'unintended consequences of government action.'" Schultz v. Braga, 455 F.3d 470, 480 (4th Cir. 2006) (quoting Brower v. County of Inyo, 489 U.S. 593, 596 (1989)). Thus, "one is 'seized' within the fourth amendment's meaning only when one is the *intended object* of a physical restraint by an agent of the state." Rucker v. Harford Cnty., Md., 946 F.2d 278, 281 (4th Cir. 1991). In this case, plaintiff Anika Hatley was not one of the fighting students, nor in the crowd that gathered to watch the fight. See Compl. ¶¶ 10-11. Defendant Bowden only aimed pepper spray at the fighting students and the crowd watching, therefore no pepper spray was aimed at plaintiff Anika Hatley. See id. ¶ 15, 17. Indeed, the complaint itself alleges that plaintiff Anika Hatley was injured, not by the pepper spray, but by being knocked down and trampled by the crowd running from the pepper spray. See id. at ¶ 17. Where plaintiff Anika Hatley was not the intended object of the pepper spray she was not seized within the meaning of the Fourth Amendment, and therefore also lacks a claim for an unreasonable seizure under § 1983.

In the alternative, even if plaintiff Anika Hatley had been seized, plaintiffs' § 1983 claims against defendant Raleigh would still fail. Plaintiffs' first § 1983 claim against defendant Raleigh is based upon *respondeat superior* liability for the actions of defendant Bowden. It is well-

5

established, however, that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978).

Plaintiffs' second § 1983 claim against defendant Raleigh alleges an unconstitutional policy and custom of defendant Raleigh to inadequately supervise and train its police officers. A municipality may be held liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. New York City Dep't of Social Services, 436 U.S. 658, 694 (1978). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011). However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Id. Thus, deficiencies in training "must rise to at least the degree of deliberate indifference or reckless disregard for constitutional rights of persons" to give rise to municipal § 1983 liability. Semple v. City of Moundsville, 195 F.3d 708, 713 (4th Cir. 1999).

"[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick, 131 S. Ct. at 1360. "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." Id. (quotations omitted). The deficiency in training must also "make the occurrence of the specific violation a 'reasonable probability rather than a mere possibility.'" Semple, 195 F.3d at 713 (quoting Spell v. McDaniel, 824 F.2d 1380, 1390 (4th Cir. 1987)).

Plaintiffs fail to make the requisite allegations to support municipal § 1983 liability for

6

failure to train. Plaintiffs point to no prior incidents, or other factors, showing that defendant Raleigh was on notice that a failure to specially train officers assigned to Wake County schools as part of the Student Resource Officer program in dealing with students or certain crowd control techniques was likely to lead to a constitutional violation. Plaintiffs thus have failed to plausibly allege deliberate indifference on the part of defendant Raleigh, and therefore have not stated a claim for a § 1983 violation based upon failure to train.

        b.        Plaintiffs' Negligence Claim Against Defendant Raleigh

In plaintiffs' second claim for relief, they assert a claim for negligence against defendant Raleigh. As plaintiffs allege new facts with respect to this claim in their proposed amended complaint, and, as discussed below, the court does not find such proposed amendment futile with respect to this claim, the court denies as moot defendant Raleigh's motion to dismiss as to this negligence claim.

        c.        Plaintiffs' Claim for Punitive Damages Against Defendant Raleigh

Plaintiffs request that this court award "punitive damages to Plaintiffs against the Defendants, jointly and severally." Compl. 6. It is well-established, however, that "§ 1983 does not allow punitive damages against localities." Berkley v. Common Council of City of Charleston, 63 F.3d 295, 307 (4th Cir. 1995). Similarly, under North Carolina law, "no punitive damages are allowed against a municipal corporation unless expressly authorized by statute." Long v. City of Charlotte, 306 N.C. 187, 207 (1982); see also Iglesias v. Wolford, 539 F. Supp. 2d 831, 841 (E.D.N.C. 2008) ("Municipalities may not be held liable for punitive damages, whether under 42 U.S.C. 1983 or North Carolina law."). Accordingly, plaintiffs' claim for punitive damages against

7

defendant Raleigh is dismissed.[5]

B.  Motion to Amend

    1.  Standard of Review

After twenty-one days have elapsed since the filing of responsive pleading, a plaintiff may only amend his or her complaint with the court's leave or by defendant's written consent. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. See Laber v. Harvey, 438 F.3d 404, 425 (4th Cir. 2006) (en banc). Leave to amend under Rule 15(a), should, however, be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Id. at 426-47. Amendment is futile if the proposed amended claim cannot withstand a motion to dismiss. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

    2.  Analysis

Defendant Raleigh asserts that plaintiffs' motion to amend is futile. The substantive claims in plaintiffs' amended complaint are the same as in their original complaint, and plaintiffs raise no new facts in support of their § 1983 claims. As these claims were properly subject to dismissal in plaintiffs' original complaint, the proposed amendment (or lack thereof) with respect to these claims is futile.

With respect to their negligence claim, in their proposed amended complaint plaintiffs allege that,

> [u]pon information and belief, the city of Raleigh had in force on September 27th,

---

[5] This ruling does not extend to plaintiffs' claims for punitive damages against defendant Bowden in her individual capacity.

8

Case 5:13-cv-00765-FL   Document 17   Filed 03/05/14   Page 8 of 10

> 2013 an interim policy waiving sovereign immunity for claims valued up to $1,000,000. The City of Raleigh established a self-funded reserve meant to be the same as purchasing insurance under N.C. General Statute § 160A-485 for claims valued in this range. Further, the City of Raleigh purchased insurance to the extent that claims exceeded the value of $1,000,000.

Proposed Am. Compl. ¶ 8.

"[A] county or municipal corporation is immune from suit for the negligence of its employees in the exercise of governmental functions absent waiver of immunity." Estate of Williams ex rel. Overton v. Pasquotank Cnty. Parks & Recreation Dep't, 366 N.C. 195, 198 (2012) (quotations omitted). "[P]rovision of police services constitutes a governmental function protected by governmental immunity." Evans v. Chalmers, 703 F.3d 636, 655 (4th Cir. 2012) (citing Arrington v. Martinez, 215 N.C. App. 252, 257 (2011)). Nevertheless, "[a]ny city is authorized to waive its immunity from civil liability in tort by the act of purchasing liability insurance." N.C. Gen. Stat. § 160A-485(a). Failure to allege such a waiver bars a plaintiff from pursuing claims for negligence in performing a governmental function against a North Carolina municipality. Collins v. Franklin Cnty., 861 F. Supp. 2d 670, 676 (E.D.N.C. 2012).

Defendant Raleigh asserts that the proposed amendment is futile where plaintiffs do not allege any factual content indicating that they meet the requirements of defendant Raleigh's alleged interim waiver policy. A plaintiff, however, need not plead specific details as to the precise contours of a municipality's policy waiving sovereign immunity to survive a motion to dismiss. See Arrington v. Martinez, 215 N.C. App. 252, 263 (2011) ("Plaintiff made the required allegations in her complaint that the City had purchased a policy of general liability insurance and had thereby 'waived any applicable immunity defenses in tort[.]'"); see also Twombly 550 U.S. at 570 ("a complaint . . . does not need detailed factual allegations"). Therefore the court does not find

9

amendment futile as to plaintiffs' claim for negligence, and will grant the motion to amend in this part.

## CONCLUSION

For reasons given, defendant RPD's motion to dismiss (DE 9) is DENIED AS MOOT. Defendant Raleigh's motion to dismiss (DE 11) is GRANTED IN PART as to all causes of action asserted against it save plaintiffs' claim for negligence and DENIED AS MOOT IN REMAINING PART. Plaintiffs' motion to amend (DE 15) is GRANTED IN PART as to plaintiffs' claim for negligence only but DENIED IN REMAINING PART. Plaintiffs are DIRECTED to file their amended complaint – in accordance with this order granting in part and denying in part their motion to amend – within fourteen (14) days of entry of this order. Finally, where the claims against defendant Bowden in her official capacity only are duplicative of the claims against defendant Raleigh, these claims against defendant Bowden in her official capacity are DISMISSED.

SO ORDERED, this the 4th day of March, 2014.

LOUISE W. FLANAGAN
United States District Judge